UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD MCMAHAN,                     )
                                    )
            Petitioner,             )
                                    )
      v.                            )        CAUSE NO. 3:18-CV-879-RLM-MGG
                                    )
WARDEN,                             )
                                    )
            Respondent.             )

OPINION AND ORDER

Ronald McMahan, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-03-243) where a hearing officer found him guilty of attempting to traffic in violation of Indiana Department of Correction policies A-111 and A-113. (ECF 1 at 1.) Mr. McMahan was sanctioned with the loss of 120 days earned credit time and a two-step demotion in credit class—a suspended sanction from another disciplinary case. (*Id.*) The Warden has filed the administrative record. Mr. McMahan hasn't filed a traverse and the time for doing so has passed, so the case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written

statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. <u>Superintendent, Mass Corr Inst. v. Hill</u>, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Supt. v. Hill</u>, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." <u>McPherson v. McBride</u>, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

<u>Webb v. Anderson</u>, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. McMahan was found guilty of attempting to traffic in violation of Department of Correction policies A-111 and A-113. Offense A-111 prohibits inmates from "[a]ttempting or conspiring or aiding and abetting with another to

2

commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Disciplinary Code for Adult Offenders defines "attempt" as "[p]lanning to do something that would be a violation of these administrative procedures or any Department or facility rule, procedure or directive if the act had actually been committed or when an offender commits acts which showed a plan to violate these administrative procedures or a Department or facility rule, procedure, or directive when the acts occurred." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. Offense A-113 prohibits inmates from "[e]ngaging in trafficking . . . . with anyone who is not an offender residing in the same facility." *See* Appendix I.

On January 18, 2018, Officer Houston searched Mr. McMahan and his cell, and discovered a cell phone. Investigator Dustin analyzed the phone's contents and found multiple text message threads attempting to convince women to apply for positions within the facility to assist in trafficking. Investigator Dustin went through several of the threads and matched phone numbers and email addresses to people who were associated with offenders in the facility. One person was Lasheda Hunter, who was listed as Mr. McMahan's sister on his contact list. The phone contained text messages sent on January 8, 2018, at 2:46 a.m. and 5:06

a.m. and requested that the individuals apply for positions in the prison with the intention of trafficking. One text message was sent to Ms. Hunter.

Investigator Dustin reviewed the information on the phone with Mr. McMahan, including a number of phone numbers. Mr. McMahan said "[he couldn't] deny the phone number 219-805-1620 [be]cause [his sister's name is] on [his] list." He also admitted that he had the cell phone in his possession through the night and into the early morning on January 8, 2018. Investigator Dustin noted that Mr. McMahan would have been alone in his cell at these times. Based on the investigation, Investigator Dustin wrote a conduct report charging Mr. McMahan with attempting to traffic:

> On 1/10/2018 a cell phone was dow[n]loaded using the cellebrite machine .... On the phone were found text messages to multiple women giving them instructions on how and where to apply for . . . . correctional officer[] job[s] here at the Indiana State Prison. During the investigation it was found that Offender McMahan was responsible for the messages. Case 18-ISP-0009 found Substantiated.

(ECF 5-1 at 1.)

Mr. McMahan was notified of the charges and served with a copy of the conduct and screening reports. He requested as physical evidence: "[t]he investigation anything [he could] have." He didn't ask for any witnesses.

Mr. McMahan's pleaded not guilty and made the following statement: "[Investigator Dustin] wrote someone else up for the same phone he says is mine." Based on Investigator Dustin's conduct report and the confidential investigation report, the hearing officer found Mr. McMahan guilty of violating offenses A-111

4

and A-113. Mr. McMahan was sanctioned with the loss of 120 days earned credit time and a two-step demotion in credit class—a suspended sanction from another disciplinary case.

Mr. McMahan's petition presents three grounds. First, he argues that his due process rights were violated because he was denied the right to a fair hearing. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Due process isn't violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge.

There is no evidence in the record to support Mr. McMahan's claim that his hearing was unfair. He asserts that Department of Correction policy mandates that his case be heard by three hearing officers because the Report of Disciplinary Hearing, State Form 39586, requires signatures from three hearing officers.[1] Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy isn't a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991)

---

[1] Mr. McMahan relies on a policy provision that directly contradicts his claim: "At each facility, the Superintendent shall appoint one or more staff persons to serve as a Hearing Officer." The Disciplinary Code for Adult Offenders, at http://www.in.gov/idoc/files/20-04-101_The _Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf.

("state-law violations provide no basis for federal habeas relief") and <u>Keller v. Donahue</u>, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Mr. McMahan hasn't shown that the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. <u>Piggie v. Cotton</u>, 342 F.3d at 666. Because Mr. McMahan hasn't shown that the hearing was unfair or the hearing officer was, in some way, biased against him, he hasn't established that his due process rights were violated. His first ground doesn't state a basis for granting habeas corpus relief.

Second, Mr. McMahan argues that his due process rights were violated because he wasn't given a copy of the confidential investigation report and so couldn't prepare his defense against the charges. Mr. McMahan had a right to request evidence in his defense, *see* <u>Wolff v. McDonnell</u>, 418 U.S. at 566, he didn't necessarily have a right to personally review the evidence. <u>White v. Ind. Parole Bd.</u>, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . Mr. McMahan didn't have a right to review the confidential investigation report because that information contains sensitive materials that, if viewed, might jeopardize institutional safety and reveal investigation techniques. *See* <u>Wolff v. McDonnell</u>, 418 U.S. at 566; <u>Jones v. Cross</u>, 637 F.3d 841, 847 (7th Cir. 2011).

The confidential investigation report contains information explaining how the facility identified the women who had been receiving messages, as well as the offenders associated with those individuals.

Mr. McMahan had no right to review the confidential investigation report because it doesn't contain exculpatory evidence. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Mr. McMahan has a right to present relevant, exculpatory evidence in his defense, but the confidential investigation report is made up of incriminating evidence, which supports the conduct report. The court has reviewed the confidential investigation report and notes that it does not contain any exculpatory evidence. Because the hearing officer considered all of the evidence in this case, there was no violation of his due process rights.

Further, a prisoner who was denied the opportunity to present evidence must establish that the denial of the evidence resulted in actual prejudice rather than harmless error. Piggie v. Cotton, 342 F.3d at 666. Mr. McMahan doesn't allege any prejudice from not reviewing the confidential investigation report other than the general claim that it hindered his defense preparation. He points to no specific example of how his defense was actually harmed or that there was a

substantial or injurious effect on the outcome of the proceeding. Mr. McMahan hasn't established he was prejudiced by the hearing officer's denial of his request to review the information contained in the confidential investigation report. This second ground doesn't state a basis for habeas corpus relief.

In his third ground, Mr. McMahan contends that he was denied a written statement of the evidence that the hearing officer relied on in finding him guilty. The due process clause requires that a fact-finder provide a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonell, 418 U.S. at 564-565. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." Scruggs v. Jordan, 485 F.3d 934, 941 (7th Cir. 2007). The hearing officer stated the conduct report is "clear and concise" and "supported by the confidential . . . . investigation report." While the statement isn't lengthy, it identified the evidence the hearing officer relied on in reaching his decision. This isn't a complicated case. The hearing officer's statement leaves no doubt that he chose to rely on the conduct report and the confidential investigation report in finding Mr. McMahan guilty. Mr. McMahan was aware of the contents of the confidential investigation report because Investigator Dustin interviewed him and discussed the findings of his investigation. Because the hearing officer's written statement satisfied the minimal requirements of due process, his third ground doesn't identify a basis for granting habeas corpus relief.

In sum, the hearing officer's decision was neither arbitrary nor unreasonable given the facts contained in the conduct report and confidential investigation report. McPherson v. McBride, 188 F.3d at 786 (a conduct report alone can be enough to support a finding of guilt). The evidence established that Mr. McMahan violated offenses A-111 and A-113 by sending text messages to his sister and others with instructions on how to apply for correctional officer positions within the prison for the purpose of trafficking. And he admitted that he had the cell phone in his possession when these text messages were sent on January 8, 2018. Given There was more than "some evidence" for the hearing officer to find Mr. McMahan guilty.

Mr. McMahan doesn't need a certificate of appealability to appeal this order because he would be challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F. 3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES Ronald McMahan's petition for writ of habeas corpus. The clerk is DIRECTED to close this case.

SO ORDERED on February 5, 2020

                              /s/ Robert L. Miller, Jr.
                         JUDGE
                         UNITED STATES DISTRICT COURT